IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SCOTT H. DENNY                     §
                                   §
VS.                                §      CIVIL NO.4:12-CV-048-Y
                                   §      (Criminal No.4:10-CR-110-Y)
UNITED STATES OF AMERICA           §

ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255
AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Now pending before the Court is defendant Scott H. Denney's motion for relief under 28 U.S.C. § 2255 along with a memorandum in support, and Denney's January 18,2012 declaration.[1] The government has filed a response to the motion. After careful consideration and review of Denney's motion under § 2255 and memorandum in support, the government's response, the file and record of this case, and the applicable law, the Court concludes that Denney's motion must be denied for the reasons stated by the government and as set forth here.

At the sentencing hearing, Denney told this Court "I know what I did was very wrong. I take full responsibility for my offense . . . [and] I fully understand and accept the consequences of my action." (January 24, 2011 Sentencing Transcript (Tr) at 17.) But now, he has returned to this Court challenging his plea, the sentence, and the actions of his counsel through a motion under 28 U.S.C. § 2255.  Denney seeks relief under 28 U.S.C. § 2255 on the grounds that: (1) his entry of a plea of guilty and waiver of

---

[1]Although the declaration does not comport with 28 U.S.C. § 1746, the Court has reviewed and considered the document.

appellate rights was unknowing and involuntary and the result of ineffective assistance of counsel; (2) this court sentenced him under a sentencing guideline that is flawed and entitled to no deference; (3) the imposition of a lifetime term of supervised release will result in a greater deprivation of liberty than was necessary and is in violation of 18 U.S.C. § 3582; and (4) he received ineffective assistance of counsel when counsel (a) constructively failed to represent him, (b) failed to investigate his case, (c) failed to file a motion to suppress his confession, and (d) failed to conduct a forensic examination of the laptop computer and failed to file objections to the recommendation as to the sentencing guidelines.[2]

*Knowing and Voluntariness of Plea*

Because it relates to the validity of the wavier of his rights to appeal and assert other claims in this proceeding, the Court considers first Denney's claim that his entry of a plea with waiver of appeal and collateral-attack rights was not knowing and voluntary and was the result of ineffective assistance. Denney entered a plea agreement whereby he agreed to plead guilty to one count of possession of child pornography, a violation of 18 U.S.C. § 2252(a)(4)(B). Denney then pleaded guilty at a rearraignment proceeding. Denney now alleges that "[n]o one told [me] or ever

---

[2]Denny's form motion under § 2255 deferred to the memorandum in support for the details of his grounds for relief, and the Court has thus construed his grounds as stated throughout the memorandum.

advised [me] of the astounding amount of additional incarceration time [I] faced or the elements that the government must prove in order to sustain a conviction." (Memorandum in Support of Motion Under § 2255 (Memo) at 8.)  Denney claims counsel "told him he faced a guidelines sentencing range of 0-10 years with the probable sentence range of 3 years." (*Id.*)  He also alleges that when he signed the plea agreement he believed "he was pleading guilty to simple possession of child pornography with an offense level of 18, which provided an imprisonment range of 27 to 33 months, less 3 points for acceptance of responsibility[,] for a level 15 with imprisonment range of 18 to 24 months." (*Id.,* at 10.) He also claims counsel told him the maximum term of supervised release was five years, and he contends "he would not have pled guilty if he had known of the enhancements and the possibility of lifetime supervised release." (Memo at 12; Denney Declaration at 3.)

Because a defendant relinquishes constitutional rights when he pleads guilty, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences."[3]  Ordinarily, a waiver is entered knowingly, intelligently, and with sufficient awareness,

---

[3]*United States v. Ruiz*, 536 U.S. 622, 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

when "the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances--even though the defendant may not know the specific detailed consequences of invoking it."[4]   With "respect to a defendant's awareness of relevant circumstances, [the Constitution] does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor."[5]  Ordinarily, "a defendant will not be heard to refute his testimony given under oath when pleading guilty."[6]  "Solemn declarations in open court carry a strong presumption of verity," and the "representations of the defendant, his lawyer, and the prosecutor at a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."[7]   Any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight."[8]

Denney's claim that he entered a plea agreement with a waiver of rights that was not knowing and voluntary is directly refuted by

---

[4]*Id.* at 630.

[5]*Id.*

[6]*United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985)(quoting *United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir. 1979)).

[7]*Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

[8]*See United States v. Abreo,* 30 F.3d 29, 32 (5th Cir. 1994).

his testimony and the documents he signed. Both Denney and his counsel signed the plea agreement and the factual resume. (Criminal doc. 19 and 20). The plea agreement included an express declaration that the "plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement." (Plea Agreement at 4, ¶ 9.) Denney expressly waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses in his defense, and against compelled self-incrimination. (Plea Agreement at 1, ¶ 1.) He also agreed that "[t]here have been no guarantees or promises from anyone as to what sentence the Court will impose." (Plea Agreement at 4, ¶ 9.) The plea agreement included a paragraph in which Denney waived many of his rights to appeal or otherwise challenge his conviction and sentence. (Plea Agreement at 4, ¶ 10.) Denney signed the plea agreement in two places, once to the terms of the document itself, and also separately to the statement "I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it." (Plea Agreement at 6.) His counsel also signed to the statement that to his "knowledge and belief,[his] client's decision to enter this Plea Agreement is an informed and voluntary one." (Plea Agreement at 6.)

Denney also signed the factual resume, which recites that he could be subject to penalties, pertinent to this proceeding, including imprisonment for not more than ten (10) years and a term

of supervised release of any term of years to life but not less than five years. (Factual Resume (FR) at 1.) Denney stipulated to several facts including the following specific facts:

> On or about March 4, 2012, in the Fort Worth division of the Northern District of Texas, Scott H. Denney, defendant did knowingly possess visual depictions of minors engaged in sexually explicit conduct, that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, to wit: Denney used the internet to download and possess images and videos of minor children engaged in sexually explicit conduct on a computer and external storage media, five of which are further described as follows: [electronic "file names" deleted] Image depicting an infant child performing oral sex on an adult male; Image depicting an infant child performing oral sex on an adult male on a bed; Image depicting the lewd and lascivious exhibition of the genitals of a minor male; Image depicting a minor child forced to engage in oral intercourse with an adult male; and Image depicting a sexual intercourse between an adult male and a minor child. (FR. at 2.)

At the rearraignment hearing, the magistrate judge admonished Denney of the constitutional rights associated with his right to trial and Denney acknowledged that he was waiving such rights. (August 11, 2012 Rearraignment Transcript at 9.) Denney also answered affirmatively to the magistrate judge's admonishment that a "plea of guilty must be purely voluntary" and that he "should plead guilty only because [he is] guilty and for no other reason." (August 11, 2010 Tr. at 10-11.) Although Denney waived the reading of the essential elements of the offense, he admitted in open court that he had committed all of the essential elements of the charged offense. (August 11, 2010 Tr. at 26.) The magistrate judge reviewed with Denney the plea agreement, and Denny testified that he entered the plea agreement voluntarily, of his own free will, and without

any other promises or assurances. (August 11, 2010 Tr. at 30.) The magistrate judge particularly drew Denney's attention to paragraph 10, the waiver of appeal paragraph in the plea agreement, and Denney assured the Court that he understood the waiver, discussed it with his attorney, and knowingly and voluntarily waived his right to appeal or collaterally challenge his conviction and sentence as set forth in that specific paragraph. (August 11, 2010 Tr. at 29.) Denney also testified that he had discussed with his attorney the case, the charges, and the issue of punishment and how the guidelines might apply, and "[was] satisfied with the representation and advice" given by his attorney. (August 11, 2010 Tr. at 26-27.) After the prosecutor noted that Denney was subject to an imprisonment penalty of a term of up to 10 years, and a term of supervised release of "any term of years to life but not less than five years," Denney acknowledged that he was subject to such a penalty range. (August 11, 2012 Tr. at 35, 37) Moreover, as to what those penalties would be, Denney assured the Court that he understood that he "should never depend or rely upon any statement or promise by anyone whether connected with a law enforcement agency, the government, or anyone else, as to what penalty will be assessed against [him]." (August 11, 2010 Tr. at 10-11.) Denney expressly understood that the sentencing guidelines were only advisory, and that the Court "is not bound by facts that are stipulated between [him] and [his] attorney on the one hand and the government on the other," and is free to "impose punishment that might disregard stipulated facts or take into account facts not

mentioned in the stipulations." (August 11, 2010 Tr. at 12.) Denney testified that he understood that should he receive a sentence that "is more severe than [he] expect[ed]," he would "still be bound by [the] plea of guilty and [would] have no right to withdraw it." (August 11, 2010 Tr. at 37.) After such review and admonishments, Denney pleaded guilty. (August 11, 2010 Tr. at 38.)

The magistrate judge also reviewed the factual resume with Denney, and Denney admitted that he read it or had it read to him, understood it, and admitted that the stipulated facts therein were true and correct. (August 11, 2010 Tr. at 42.)  The Court accepted Denney's guilty plea and determined that it was a "knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense charged against the defendant."(August 11, 2010 Tr. at 43.)

After review of this record, it is clear to the Court that Denney has not shown that counsel was deficient with regard to his entry of the plea agreement and waiver of his right to appeal, or that his plea and waiver of appellate rights were not knowing and voluntary. Denney fails to show why the Court should not afford "great evidentiary weight" to the documents he signed, and a "strong presumption of verity" to his prior sworn testimony that he understood the waiver of his rights to appeal and to challenge his sentence; nor why the Court should not conclude that he entered his guilty plea knowingly and voluntarily.  Denney's post-conviction allegations that he did not knowingly and voluntarily enter his plea do not overcome the strong presumption that must be afforded

to his prior testimony. Thus, the Court concludes that Denney's first ground for relief--that his plea of guilty and waiver of right to appeal or collaterally challenge his sentence were not knowingly and voluntarily because of counsel's ineffectiveness-- must be denied.

*Waiver*

The government argues that Denney's grounds for relief listed by this Court as two and three--the challenges to the sentencing guidelines and to the imposition of a lifetime term of supervised release--are barred by the effect of the waiver signed and agreed to by Denney. As discussed above, Denney's plea agreement included the following express waiver of certain rights to appeal and to assert a collateral challenge:

> Denney waives his rights, conferred by 28 U.S.C. 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Denney, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

(Plea Agreement at 4, ¶ 10.) The Court of Appeals for the Fifth Circuit has held that "an informed and voluntary waiver of post-conviction relief is effective to bar such relief."[9]  As the Court has determined that Denney understood the terms of the plea agreement and this waiver provision, and knowingly and voluntarily

---

[9]*United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994).

entered into it, the Court concludes that the waiver of rights was informed and voluntary and is valid and enforceable. The waiver bars Denney from pursuing in this collateral proceeding his second and third grounds for relief challenging the application of the sentencing guidelines and challenging the lifetime term of supervised release. Thus, such grounds are dismissed.

*Remaining Ineffective-Assistance Grounds*

The waiver language at issue expressly excludes from the waiver claims of ineffective assistance of counsel. The now-familiar, two-pronged standard for review of ineffective-assistance-of-counsel claims was first enunciated by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.[10]

The burden is on the defendant to show that his counsel's representation fell below an objective standard of reasonableness by identifying acts or omissions of counsel "that are . . . not . . . the result of reasonable professional judgment."[11] A district court then determines whether, "in light of all the circumstances,

---

[10]*Strickland,* 466 U.S. at 687.

[11]*Id.* at 690.

the identified acts or omissions were outside the wide range of professionally competent assistance."[12] There is a strong presumption that the performance of counsel "falls within the wide range of reasonable professional assistance."[13] A defendant must also affirmatively prove prejudice by showing that a particular error of counsel actually had an adverse effect on the defense, an adverse effect being shown, in turn, by demonstrating a "reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."[14] This showing "requires a 'substantial,' not just 'conceivable,' likelihood of a different result."[15]

"Recognizing the 'temptation for a defendant to second-guess counsel's assistance after conviction or adverse sentence,'" the Supreme Court recently re-emphasized "that counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in exercise of reasonable professional judgment.'"[16]  The Supreme Court also cautioned that ineffective-assistance claims "can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial . . . ."[17] Thus, the high court admonished that "the *Strickland* standard must

---

[12]*Id.*

[13]*United States v. Samuels,* 59 F.3d 526, 529 (5th Cir. 1995); *see also King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir.), *cert den'd,* 489 U.S. 1093 (1989).

[14]*Strickland,* at 694 (general discussion at pp. 691-695).

[15]*Cullen v. Pinholster,* 131 S.Ct. 1388, 1403 (2011)(citing *Harrington v. Richter,* 131 S.Ct. 770, 791 (2011)).

[16]*Pinholster,* 131 S.Ct. at 1403 (citing *Strickland,* 466 U.S. at 690)).

[17]*Harrington v. Richter,* 131 S.Ct. 770, 788 (2011).

be applied with scrupulous care, lest 'intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve.'"[18]

The Court has reviewed Denney's remaining claims of ineffective assistance of counsel, and concludes that he has not shown that counsel's conduct was deficient, nor has he shown a reasonable probability that the outcome of the proceeding would be different, for the reasons stated in the government's response at pages 13-19.

For all of the foregoing reasons, Scott H. Denney's motion for relief under 28 U.S.C. § 2255 is DENIED.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[19] Rule 11 of the Rules Governing Section 2255 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[20] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[21] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of

---

[18]*Id.* (citing *Strickland,* 466 U.S. at 689-690).

[19]*See* Fed. R. App. P. 22(b).

[20]RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2010).

[21]28 U.S.C.A. § 2253(c)(2)(West 2006).

reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[22]

Upon review and consideration of the record in the above-referenced case as to whether movant Denney has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in this order.[23]

Therefore, a certificate of appealability should not issue.

SIGNED October 3, 2012.


_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[22]*Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

[23]*See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).